# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ROMARIO VERMOND WALLER                                           PETITIONER

v.                              NO. 5:05CV00269 JLH/HDY

LARRY NORRIS, Director,                                          RESPONDENT
Arkansas Department of
Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States
District Judge J. Leon Holmes.  Any party may serve and file written objections to these
findings and recommendation.  Objections should be specific and should include the
factual or legal basis for the objection.  If the objection is to a factual finding,
specifically identify that finding and the evidence that supports your objection.  An
original and one copy of your objections must be received in the Office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings
and recommendation.  The copy will be furnished to the opposing party.  Failure to file
timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS. The record reflects that on May 29, 1996, petitioner Romario Vermond Waller ("Waller") pleaded guilty in Union County, Arkansas, Circuit Court to one count of first degree murder, one count of arson, and two counts of first degree battery. He was thereafter sentenced to a period of incarceration in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction. The record reflects that the judgment of conviction was not actually entered on the docket, though, until June 24, 1996. Because Waller pleaded guilty, he was precluded from prosecuting a direct appeal of the judgment of conviction.[1]

On August 22, 2000, Waller filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. He represents that the petition was denied on August 24, 2000. He attempted to appeal the denial of his petition, but his appeal was dismissed because his petition was not filed in the trial court in a timely manner. See Waller v. State, 2001 WL 88218 (Ark.S.Ct. February 1, 2001).

Beginning in February of 2003, Waller began an attempt to obtain post-conviction relief by means of a state petition for writ of habeas corpus. His attempt, evidenced by numerous trial court and appellate court submissions, continued for the better part of two years. The record does not reflect that he ever obtained any relief.

---

[1]

Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that "[e]xcept as provided by ARCrP 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere."

FEDERAL COURT PROCEEDINGS.   On September 14, 2005, Waller signed an application to proceed in forma pauperis in connection with the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.[2]   The petition was actually filed on September 21, 2005.   Norris was served with a copy of the petition and directed to file a response.   He filed a response and advanced the following argument in his response:

> A one-year period of limitations applies to applications for writs of habeas corpus, and the limitations period begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. 2244(d)(1)(A).  Waller's guilty plea foreclosed any opportunity for direct review under Arkansas law, and, thus, there is no concluded appeal from which to start the calculation of the due date for his habeas petition.   Likewise, the expiration of the time for seeking such review occurred simultaneously with the plea.
>
> …
>
> Calculating the due date from the date Waller pleaded guilty, he had until May 29, 1997, to file a petition for federal habeas relief.   He did not file the petition until September 21, 2005-over 9 years later.  Moreover, although he sought state collateral review of his convictions, he is not entitled to statutory tolling pursuant to 28 U.S.C. 2244(d)(2) because he did not file any petition in state court until August of 2000, see Respondent's Exhibit A, well after his time to seek federal habeas relief had expired. … Accordingly, this Court should dismiss Waller's petition as untimely.

See Document 5 at 2, 5.   Waller subsequently filed a reply, and an amended reply, in which he attempted to address Norris' limitations argument.

---

[2]

The petition itself was not actually dated by Waller.

LIMITATIONS.   The Court has thoroughly reviewed the entire record in this proceeding and is now prepared to address Norris' limitations argument and Waller's replies thereto.  28 U.S.C. 2244(d) establishes a one year period during which a state prisoner must begin a proceeding pursuant to 28 U.S.C. 2254.  If the state prisoner fails to begin the proceeding within that year, it is forever barred.   28 U.S.C. 2244(d) identifies the following events as triggering the one year period:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

ANALYSIS.  Applying the foregoing provisions of 28 U.S.C. 2244(d) to the summary of state and federal court proceedings outlined by the Court, it is quite clear that the limitations period applicable to the proceeding at bar began to run from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  See 28 U.S.C. 2244(d)(1)(A).  No other sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable in this proceeding.  Thus, the Court must determine when the judgment of conviction in Waller's criminal proceeding became final.

Waller pleaded guilty on May 29, 1996.  The judgment of conviction was not actually entered on the docket, though, until June 24, 1996.  Because he pleaded guilty, he was precluded from prosecuting a direct appeal of the judgment of conviction.  It is not clear whether he could have petitioned the United States Supreme Court for a writ of certiorari.  The Court assumes for purposes of these Findings and Recommendation that he could have so petitioned the United States Supreme Court.  Given that assumption, the time during which he could have so petitioned began on June 25, 1996, i.e., the day after the judgment of conviction was actually entered on the docket.[3]

---

[3]

The time during which a state prisoner could have filed a petition for writ of certiorari is considered in determining when a conviction becomes final for purposes of 28 U.S.C. 2244(d).  See Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) [quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)] ("[T]he running of the statute of limitations imposed by [section] 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.")

United States Supreme Court Rule 13 provides that a petition for writ of certiorari is timely if filed within ninety days after the entry of the judgment in question.  Using June 24, 1996, that being, the date on which the judgment of conviction in Waller's criminal proceeding was actually entered on the docket, as the benchmark, Waller had up to, and including, Monday, September 23, 1996, to file a timely petition for writ of certiorari with the United States Supreme Court.  When he elected not to file a petition, and September 23, 1996, came and went, the judgment of conviction in his criminal proceeding became final.  See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (state court judgment becomes final under 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari).

Given the foregoing, the Court finds that the one year period for Waller to file a timely petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 began to run on September 24, 1996.  He therefore had up to, and including, September 23, 1997, to file a timely petition.[4]

---

[4]

28 U.S.C. 2244(d) was amended by the Anti-Terrorism and Effective Death Penalty Act.  The amendment was significant in one very important respect, that being, it established the one year period of limitation.  The effective date of the amendment was April 24, 1996.  In those instances in which a conviction became final prior to the effective date of the amendment, a state prisoner was accorded a one year "grace period" for filing a petition pursuant to 28 U.S.C. 2254.  See Henderson-El v. Maschner, 180 F.3d 984 (8th Cir. 1999), and Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999).  A state prisoner whose conviction became final prior to April 24, 1996, thus had up to, and including, April 23, 1997, to attack that conviction.

The judgment of conviction in Waller's criminal proceeding became final on September 24, 1996.  It therefore became final after the adoption of the amendment to 28 U.S.C. 2244(d), and he receives no benefit from the one year "grace period."

-7-

The record reflects that Waller did nothing during the one year period that began on September 24, 1996, and concluded on September 23, 1997. He appears to have done nothing until August 22, 2000, when he filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The Court assumes for purposes of these Findings and Recommendation that his petition was a "properly filed application for [s]tate post-conviction or other collateral review." See 28 U.S.C. 2244(d)(2). Nevertheless, the filing of that petition did nothing to toll the one year period because the petition was filed well past the expiration of the one year period. Likewise, his two year attempt beginning in February of 2003 to obtain post-conviction relief by means of a state petition for writ of habeas corpus did nothing to toll the one year period. His attempts were undertaken well past the expiration of the one year period. For purposes of these Findings and Recommendation, the Court assumes that the proceeding at bar was commenced on the day Waller signed his application to proceed in forma pauperis. He did not sign his application until September 14, 2005, or approximately eight years after the expiration of the one year period.

The Court acknowledges that it can be a complicated endeavor to determine the precise date on which a limitations period expires. Such an endeavor can sometimes require the Court to determine the precise dates on which a limitations period begins to run, is tolled, is re-started, and eventually expires. It is clear, however, that the limitations period had expired by the time Waller signed the application at bar.

-8-

The Court finds on the basis of the foregoing that Waller's petition is barred by limitations. It should therefore be dismissed unless he can show some justification for tolling the limitations period. <u>See</u> <u>Calderon v. United States District Court for the Central District of California</u>, 112 F.3d 386 (9th Cir. 1997) (limitations period subject to equitable tolling if extraordinary circumstances made it impossible to file timely petition).

Despite liberally construing Waller's <u>pro se</u> submissions, the Court can find nothing in those submissions to justify tolling the limitations period. He knew, or should have known, of all but one of the claims at bar by the day the judgment of conviction was entered on the docket or, alternatively, by the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. He would not have known of one claim–his claim that he was denied access to courts in connection with his attempt to obtain state post-conviction relief–until sometime after February of 2003. That claim, however, is of no relevance in this particular proceeding because it arose in connection with a series of events that occurred, at a minimum, more than five years after the expiration of the limitations period.

<u>CONCLUSION</u>. The undersigned finds that Waller signed his application to proceed <u>in forma pauperis</u>, and thus commended this proceeding, outside the one year limitations period established by 28 U.S.C. 2244(d). The undersigned therefore recommends that Waller's petition, and this proceeding, be dismissed for that reason.

-9-

DATED this _____1_____ day of December, 2005.


_____
UNITED STATES MAGISTRATE JUDGE